1 ‘The Court, having maturely considered, &c. is of opinion that the said decree is erroneous: therefore, it is decreed and ordered that the same be reversed and annulled, and that the appellees pay to the appellant the costs as well by him as by his testator expended in prosecuting his appeal aforesaid here. And this Court, proceeding to make such decree as the said Superior Court pf Chancery ought to have pronounced, is of opinion, that the payment of 4231. 19s., current money by James Robinson, for and on account of the appellees, to Daniel Payne, on the 4th day of April, 1777, which is acknowledged by said Payne to have been the full amount of the principal and interest then due to him, in current money, was a full payment and extinguishment of that debt, notwithstanding the demand made by the said Payne, that the same should be turned into sterling at the rate of 15 per cent, difference of exchange, and the reservation by him, of a right to claim: the same in future; the commutation aforesaid of that debt, being neither agreed to by the debtors, or their agent, (and, if consented to as a consideration for further forbearance of the debt, as alleged by the said Payne, was probably a device to elude the provision of the statute of usury, and therefore void,) nor being established by the award of arbitrators, according to the tenor of the receipt granted by the said Payne at the time of the payment aforesaid; nor, if this bill was intended to procure the decision of the Court of Equity in lieu of that of the arbitrators upon that question, does it appear that the appellant has any just right to claim the addition or commutation aforesaid ; and that therefore the bill should, as to the appellant, be dismissed, so far as it relates to that article, with costs; but that, on the other hand, the appellees, although they have not appealed from the decree in question, ought to be allowed the benefit of the nominal amount of the payment aforesaid, which ought not to be subjected to the operation of the scale of depreciation-established by law; that sum forming only one item of the account between the 467 ^parties, and its allowance in full to the appellees not changing the result of the decree, which will, under the opinion of this Court, as now declared, be still rendered more favourable to the appellant.
‘ ‘And this Court is further of opinion that, by the contract and agreement between John Neilson, factor and agent for the said William Cuningham & Co., and made in their behalf with Daniel Payne in the year 1771, and not disapproved of, but acquiesced in by them, for the purchase of the said Payne’s lots and houses in the - town of Dumfries, for the sum of 4001. sterling, payable on demand, possession whereof was then given, and a credit for the money entered in the books of the Company, as appears by their answer, the equitable title and possession was thereby completely vested in the said William Cuningham & Co., who might at any time have coerced a legal title from the said Daniel Payne, by paying or tendering to him the purchase-money, until the said Daniel Payne was absolved from that obligation by the Acts of the Eegislature of the Commonwealth of Virginia, and the proceedings had under the same, confiscating the rights of said William Cuningham and Company in and to the same.
“And this Court is further of opinion,, that the retention by the said Daniel Payne of the said legal title as a security for the *183 payment of the purchase-money for the said lots and houses did not impose it upon him as a dutj% by any sinister act or device, to endeavour to protect the property therein of the said William Cuningham & Co. from confiscation ; more especially, as it appears, from their own shewing, that they had one or more agents or factors in this country during the whole period of the revolutionary war, who were equally competent to have defended the same; and that the said Daniel Payne is not responsible for the confiscation and sale thereof, which he could not probably have prevented, as the Commonwealth, by the act “concerning escheats and forfeitures,” became entitled in the same manner as the said William Cuningham & Co. were entitled, subject, nevertheless, to the payment of the consideration agreed to be paid by the said William Cuningham & Co. for the same.
And this Court is further of opinion, that the appellees are still liable to the representatives of the said Daniel Payne, for any part of the said consideration money 468 which may remain due *be3rond the net amount of the consideration for which the lots and houses aforesaid were sold by the escheator of the Commonwealth, after deducting all just and reasonable expenses of the sales of the same, reduced to current money of this present period, according to the directions of the act of the May, 1779, c. 4, s. 2, “concerning escheats and forfeitures from British subjects,” according to the rate of exchange between current and sterling money at the time when the final decree shall be made in this cause, with interest thereupon from the time of the institution of this suit; and if the bonds, mentioned in the exhibit No. 6, have been retained by the said Daniel Payne, or his representatives, as is suggested in the answer, that the same, upon the performance of this decree on the part of the appellees, shall be delivered up to them, the appellant accounting with them for any moneys, which may have been received thereupon by himself, or his testator Charles Yates, or the said Daniel, Payne, or any other person to his or their use.
“And the cause was remanded to the said Superior Court of Chancery, with liberty to the appellant to make the Commonwealth, or those claiming under it, parties thereto, if he shall be so advised.”